IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MICHAEL L. WHITACRE,<br><br>Plaintiff,<br><br>vs.<br><br>DWAYNE E. TAYLOR (FORMERLY UNKNOWN MALE EMPLOYEE AND AGENT OF BLACKHAWK TRANSPORT, INC. WHO BATTERED PLAINTIFF); TYLER J. ANDERSON (FORMERLY UNKNOWN EMPLOYEE AND AGENT OF BLACKHAWK TRANSPORT, INC. NAMED TY); BLACKHAWK TRANSPORT, INC.; FUYAO GLASS ILLINOIS, INC., and McLEOD EXPRESS, LLC,<br><br>Defendants. | FIRST AMENDED COMPLAINT<br>Case No.: 2:20-cv-2182 |

PLAINTIFF'S FIRST AMENDED COMPLAINT

Count I-Michael L. Whitacre v. Dwayne E. Taylor (formerly named as "Unknown Male Employee and Agent of Blackhawk Transport, Inc. Who Battered Plaintiff")

NOW COMES the Plaintiff, MICHAEL L. WHITEACRE, by his attorneys, FREDERICK & HAGLE, and for his Complaint against the Defendant, DWAYNE E. TAYLOR, formerly named as "Unknown Male Employee and Agent of Blackhawk Transport, Inc. Who Battered Plaintiff" in accordance with 735 ILCS 5/2-413, states as follows:

1. That at all times relevant hereto, the Plaintiff, Michael L. Whitacre, was an employee of McLeod Express, LLC, located at 5002 Cundiff Road, in the City of Decatur, Macon County, Illinois.

2. That on May 16, 2018, between 9:00 a.m. and 10:00 a.m., the Plaintiff was employed

1

with McLeod Express, LLC, a Decatur, Illinois company and had a job as a spotter moving trailers in and out of the loading dock, located at Fuyao Glass Illinois, an Illinois company located at 2768 East Elwin Road, in the City of Decatur, Macon County, Illinois.

3. That at the aforesaid time and place, Defendant Dwayne E. Taylor was an employee and agent of the Defendant Blackhawk Transport, Inc. arrived at the Fuyao Glass Illinois premises in a tractor to pick up a trailer that was sitting in the loading dock.

4. That the Plaintiff, MICHAEL L. WHITACRE, advised said driver that as the spotter it was his job to pull the trailer out to an open area so that the Defendant Dwayne E. Taylor could then safety hook up the trailer to the tractor and depart.

5. That the Plaintiff advised the Defendant Dwayne E. Taylor that he was going to pull out the trailer from the dock.

6. Suddenly, Defendant Dwayne E. Taylor proceeded to attack and batter and seriously injure the Plaintiff.

7. That at all times relevant hereto, it was the duty of the Defendant, Dwayne E. Taylor not to act in a willful and wanton manner or with a reckless disregard for the safety of others, including the Plaintiff herein.

8. Despite said duty, the Defendant, Dwayne E. Taylor breached said duty and willfully and wantonly attacked and battered the Plaintiff.

9. That as a direct and proximate result of the foregoing, the Plaintiff suffered the following injuries and damages:

   a) Medical and hospital expenses which shall continue into the future;

   b) Lost wages and a diminished earning capacity;

   c) Physical and emotional pain and suffering which shall continue into the future;

   d) A loss of a enjoyment of a normal life, which shall continue into the future;

   e) Disability.

10. In addition to compensatory damages, the Plaintiff will be seeking punitive damages against the Dwayne E. Taylor.

WHEREFORE, the Plaintiff, MICHAEL L. WHITACRE, prays for judgment against the Defendant, DWAYNE E. TAYLOR, for a sum greatly in excess of Fifty Thousand Dollars, plus costs of suit.

## Count II-Michael L. Whitacre v. Tyler J. Anderson (formerly named as "Unknown Male Employee and Agent of Blackhawk Transport by the Named Ty")

NOW COMES the Plaintiff, MICHAEL L. WHITEACRE, by his attorneys, FREDERICK & HAGLE, and for his Complaint against the Defendant, TYLER J. ANDERSON, formerly named as "Unknown Male Employee and Agent of Blackhawk Transport by the Named Ty" in accordance with 735 ILCS 5/2-413, states as follows:

1. That at all times relevant hereto, the Plaintiff, Michael L. Whitacre, was an employee of McLeod Express, LLC, located at 5002 Cundiff Road, in the City of Decatur, Macon County, Illinois.

2. That on May 16, 2018, between 9:00 a.m. and 10:00 a.m., the Plaintiff was employed with McLeod Express, LLC, a Decatur, Illinois company and had a job as a spotter moving trailers in and out of the loading dock, located at Fuyao Glass Illinois, an Illinois company located at 2768 East Elwin Road, in the City of Decatur, Macon County, Illinois.

3. That at the aforesaid time and place, Co-Defendant and agent of Blackhawk Transport, Inc. Dwayne E. Taylor, Inc. arrived at the Fuyao Glass Illinois premises in a tractor to pick up a trailer that was sitting in the loading dock.

4. That the Plaintiff, Michael L. Whitacre, advised Dwayne E. Taylor that as the spotter it was his job to pull the trailer out to an open area so that the male employee and agent of Blackhawk Transport, Inc. could then safety hook up the trailer to the tractor and depart.

5. That the Plaintiff advised Dwayne E. Taylor that he was going to pull out the trailer from the dock.

6. Suddenly, Defendant Dwayne E. Taylor proceeded to attack and batter and seriously injure the Plaintiff.

7. That subsequent to the Defendant, Dwayne E. Taylor, committing said battery, the Plaintiff went inside the plant of Fuyao Glass Illinois, Inc, located at 2768 East Elwin Road, in the City of Decatur, Macon County, Illinois.

8. While inside of said plant, the Defendant, Blackhawk Transport, had an office manned by supervisor and boss by the name of Tyler J. Anderson. Plaintiff told the supervisor, Tyler J. Anderson, that Dwayne E. Taylor had just attacked and battered him and that he should call the

police.

9. That in response thereto, Tyler J. Anderson refused to call the police and intimidated the Plaintiff and threatened the Plaintiff not to call the police, and told him that he better not mess with Dwayne E. Taylor because he belonged to a gang.

10. That subsequent thereto, Tyler J. Anderson came up to the vehicle the Plaintiff was in at the Fuyao Glass Illinois, Inc. premises, opened the door, and assaulted the Plaintiff by saying that he was going to kick his ass, putting Plaintiff in immediate apprehension from receiving a battery from Tyler J. Anderson.

11. That at all times relevant hereto, it was the duty of Tyler J. Anderson to not act in a willful and wanton manner or with a reckless disregard for the safety of others, including the Plaintiff herein.

12. Despite said duty, the Defendant Tyler J. Anderson breached said duty and willfully and wantonly assaulted and intimidated the Plaintiff.

13. That as a direct and proximate result of the foregoing, the Plaintiff suffered the following injuries and damages:

    a) Medical and hospital expenses which shall continue into the future;

    b) Lost wages and a diminished earning capacity;

    c) Physical and emotional pain and suffering which shall continue into the future;

    d) A loss of a enjoyment of a normal life, which shall continue into the future;

    e) Disability.

14. In addition to compensatory damages, the Plaintiff will be seeking punitive damages against Tyler J. Anderson.

WHEREFORE, the Plaintiff, MICHAEL L. WHITACRE, prays for judgment against the Defendant, TYLER J. ANDERSON, for a sum greatly in excess of Fifty Thousand Dollars, plus costs of suit.

<u>Count III-Michael L. Whitacre v. Blackhawk Transport, Inc.-Willful and Wanton</u>

NOW COMES the Plaintiff, MICHAEL L. WHITEACRE, by his attorneys, FREDERICK & HAGLE, and for his Complaint against the Defendant, BLACKHAWK

TRANSPORT, INC., states as follows:

1. That at all times relevant hereto, the Plaintiff, Michael L. Whitacre, was an employee of McLeod Express, LLC, located at 5002 Cundiff Road, in the City of Decatur, Macon County, Illinois.

2. That on May 16, 2018, between 9:00 a.m. and 10:00 a.m., the Plaintiff was employed with McLeod Express, LLC, a Decatur, Illinois company and had a job as a spotter moving trailers in and out of the loading dock, located at Fuyao Glass Illinois, an Illinois company located at 2768 East Elwin Road, in the City of Decatur, Macon County, Illinois.

3. That at the aforesaid time and place, Dwayne E. Taylor, agent and employee of the Defendant, Blackhawk Transport, Inc. arrived at the Fuyao Glass Illinois premises in a tractor to pick up a trailer that was sitting in the loading dock.

4. That the Plaintiff, MICHAEL L. WHITACRE, advised Dwayne E. Taylor that as the spotter it was his job to pull the trailer out to an open area so that Dwayne E. Taylor could then safety hook up the trailer to the tractor and depart.

5. That the Plaintiff advised Dwayne E. Taylor that he was going to pull out the trailer from the dock.

6. Suddenly, Dwayne E. Taylor proceeded to attack and batter and seriously injure the Plaintiff.

7. That at all times relevant hereto, it was the duty of the Defendant, Blackhawk Transport, Inc., acting by and through agent and driver, Dwayne E. Taylor, not to act in a willful and wanton manner or with a reckless disregard for the safety of others, including the Plaintiff herein.

8. Despite said duty, the Defendant Blackhawk Transport, Inc. breached said duty when its employee and agent of the Defendant, Dwayne E. Taylor, willfully and wantonly attacked and battered the Plaintiff.

9. That as a direct and proximate result of the foregoing, the Plaintiff suffered the following injuries and damages:

    a) Medical and hospital expenses which shall continue into the future;

    b) Lost wages and a diminished earning capacity;

    c) Physical and emotional pain and suffering which shall continue into the future;

   d) A loss of a enjoyment of a normal life, which shall continue into the future;

   e) Disability.

  10. In addition to compensatory damages, the Plaintiff will be seeking punitive damages against the Defendant, Blackhawk Transport, Inc.

  WHEREFORE, the Plaintiff, MICHAEL L. WHITACRE, prays for judgment against the Defendant, BLACKHAWK TRANSPORT, INC., for a sum greatly in excess of Fifty Thousand Dollars, plus costs of suit.

Count IV-Michael L. Whitacre v. Blackhawk Transport, Inc.-Negligent Hiring and Entrustment

  NOW COMES the Plaintiff, MICHAEL L. WHITACRE, by and through his attorneys, FREDERICK & HAGLE, and for his Complaint against the Defendant, BLACKHAWK TRANSPORT, INC., under the theory of negligent entrustment and hiring, states as follows:

  1. That on May 16, 2018, the Plaintiff, Michael L. Whiteacre, was an employee of McLeod Express, Inc. and was working as a spotter at the Fuyao Glass Illinois, Inc. premises, located at 2768 East Elwin Road, in the City of Decatur, Macon County, Illinois.

  2. That at all times relevant hereto, the Defendant, Blackhawk Transport, Inc., had an office and supervisor named Tyler J. Anderson located at the Fuyao Glass Illinois plant located at 2768 East Elwin Road, in the City of Decatur, Macon County, Illinois.

  3. That on May 16, 2018, between 9:00 a.m. and 10:00 a.m., Dwayne E. Taylor, employee and agent of the Defendant Blackhawk Transport, Inc., drove into the Fuyao Glass Illinois property in a tractor with the intent to pick up a trailer.

  4. That the Plaintiff, Michael L. Whitacre, advised Dwayne E. Taylor, agent and employee of Blackhawk Transport, Inc. that he was the spotter and it was his job to remove any trailers that were in the loading dock.

  5. That the Plaintiff advised Dwayne E. Taylor, agent and employee of the Defendant, Blackhawk Transport, Inc., of this fact, and in response thereto, Dwayne E. Taylor, Defendant's employee and agent attacked and battered the Plaintiff, causing him serious personal injuries.

  6. That at all times relevant hereto, it was the duty of the Defendant, Blackhawk Transport, Inc., to exercise ordinary and reasonable care in the hiring, training, supervision and

control of its employees, respecting the safety and well-being of others, including the Plaintiff herein.

    7. Despite the aforesaid duty, the Defendant breached said duty in one or more of the following ways:

    a) The Defendant failed to do an adequate background check on their employee, Dwayne E. Taylor, which would have shown that he had a violent past;

    b) The Defendant failed to properly train employee Dwayne E. Taylor in the proper methods and manners of operating a semi tractor and trailer;

    c) The Defendant negligently failed to supervise its employee or agent;

    d) The Defendant negligently failed to have proper rules and regulations in place to prevent employees of the Defendant from committing violent acts upon other people;

    e) Not only did they negligently hire the individual that battered the Plaintiff, but they negligently hired the manager/supervisor, Tyler J. Anderson, who had a total disrespect for the safety of others, and had management on site that encouraged violent behavior by the Defendant's employees;

    f) That subsequent to Dwayne E. Taylor's battery to the Plaintiff, the Plaintiff went inside of the plant of Fuyao Glass Illinois, Inc. located at 2768 East Elwin Road, in the City of Decatur, Macon County, Illinois, where the Defendant, Blackhawk Transport, Inc., had an office manned by supervisor and boss Tyler J. Anderson. The Plaintiff told Tyler J. Anderson that the unknown male employee and agent of Blackhawk Transport, Inc. had just attacked and battered him, and that he should call the police. That Tyler J. Anderson, the supervisor and manager of the Defendant, Blackhawk Transport, Inc., refused to call the police and Tyler J. Anderson threatened Plaintiff to not call the police and told him that he better not mess with Dwayne E. Taylor because he belongs to a gang;

    g) That subsequent thereto, the manager for Blackhawk Transport, Inc., Tyler J. Anderson, approached vehicle Plaintiff was in, opened the door, and assaulted him by saying he was going to kick his ass, putting Plaintiff in immediate apprehension from receiving a battery from Tyler J. Anderson of Blackhawk

7

Transport, Inc.

8. That as a direct and proximate result of the negligent acts and/or omissions by the Defendant, Blackhawk Transport, Inc., on May 16, 2018, between 9:00 a.m. and 10:00 a.m., their agent and employee Dwayne E. Taylor attacked and battered the Plaintiff, and soon thereafter the supervisor/boss, Tyler J. Anderson, for Blackhawk Transport, Inc., assaulted and intimidated the Plaintiff, causing him the following injuries:

    a) Medical and hospital expenses which shall continue into the future;

    b) Lost wages and a diminished earning capacity;

    c) Physical and emotional pain and suffering which shall continue into the future;

    d) A loss of a enjoyment of a normal life, which shall continue into the future;

    e) Disability;

WHEREFORE, the Plaintiff, MICHAEL L. WHITACRE, prays for judgment against the Defendant, BLACKHAWK TRANSPORT, INC., for a sum greatly in excess of Fifty Thousand Dollars, plus costs of suit.

## Count V-Michael L. Whitacre v. Fuyao Glass Illinois-Willful and Wanton Breach of Duty of Care

NOW COMES the Plaintiff, MICHAEL L. WHITACRE, by his attorneys, FREDERICK & HAGLE, and for his Complaint against the Defendant, FUYAO GLASS ILLINOIS, INC., states as follows:

1. That at all times relevant hereto, the Plaintiff, Michael L. Whitacre, was an employee of McLeod Express, LLC, located at 5002 Cundiff Road, in the City of Decatur, Macon County, Illinois.

2. That on May 16, 2018, between 9:00 a.m. and 10:00 a.m., the Plaintiff was employed with McLeod Express, LLC, a Decatur, Illinois company and had a job as a spotter moving trailers in and out of the loading dock, located at Fuyao Glass Illinois, Inc., an Illinois company located at 2768 East Elwin Road, in the City of Decatur, Macon County, Illinois.

3. That at the aforesaid time and place, Dwayne E. Taylor, employee and agent of the Defendant, Blackhawk Transport, Inc., arrived at the Fuyao Glass Illinois premises in a tractor to

pick up a trailer that was sitting in the loading dock.

4. That the Plaintiff, Michael L. Whitacre, advised Dwayne E. Taylor that as the spotter it was his job to pull the trailer out to an open area so that the male employee and agent of Blackhawk Transport could then safety hook up the trailer to the tractor and depart.

5. That the Plaintiff advised Dwayne E. Taylor, employee and agent of Blackhawk Transport, Inc. that he was going to pull out the trailer from the dock.

6. Suddenly, Dwayne E. Taylor, employee and agent of Blackhawk Transport, Inc. proceeded to attack and batter and seriously injure the Plaintiff.

7. That at all times relevant hereto, the Plaintiff, MICHAEL L. WHITACRE, was working for McLeod Express, Inc., but was working at the Fuyao Glass Illinois premises with the purpose of being a spotter and moving trailers in and out of the loading dock area for the benefit of Fuyao Glass Illinois, Inc.

8. That after Plaintiff duly reported the attack on him by Dwayne E. Taylor, employee and agent of the Defendant, Blackhawk Transport, Inc., the Plaintiff told a manager named Ron Houser from Fuyao Glass Illinois, Inc. "Why did you not call the police–this man just battered me and you let him go and take a trailer out from the loading dock"? In response thereto, Ron Houser, manager of Fuyao Glass Illinois, Inc., not only failed to seek out medical or law enforcement aid for Plaintiff, but willfully and wantonly threatened Plaintiff to go back to work or Fuyao would ban him from its premises, in effect causing him to be fired from his job.

9. That Plaintiff had worked in the same role of spotter and mover of trailers, in both a supervisory and employee context, on Fuyao's premises for fourteen years. Throughout that time, Fuyao exercised direct control over Plaintiff, and Plaintiff acted as a de facto borrowed servant in an employee/employer relationship with Fuyao. Fuyao controlled Plaintiff's regular work schedule, called him in to work extra hours as it needed, provided Plaintiff with walkie-talkies with which it communicated with him, and gave him his work orders on a day-to-day basis. Fuyao and Plaintiff's employer/employee relationship was so deeply ingrained that Fuyao invited Plaintiff to its employee work events and recreational events.

10. That Defendant Fuyao Glass Illinois, Inc. had a duty of care to Plaintiff to guard against injuries proximately caused by Fuyao's actions, which Fuyao breached by threatening to ban Plaintiff from Fuyao's premises after he was assaulted and battered, knowing such an act

would lead Plaintiff's employer McLeod Express, LLC to terminate Plaintiff's employment.

11. That because of the events of May 16, 2018, and subsequent to May 16, 2018, Defendant Fuyao Glass Illinois, Inc.'s agents contacted Defendant McLeod Express, LLC, Plaintiff's primary employer, and told them that Fuyao Glass Illinois, Inc. would not allow Plaintiff to work at their facility anymore.

12. That the conduct of the Defendant, Fuyao Glass Illinois, Inc., acting by and through their employees and agents, was a clear violation of Illinois common law and in contravention of the clearly mandated public policy that:

    a) Crime victims have rights in Illinois;

    b) The Defendant should have called the police;

    c) The Defendant should not have pressured Plaintiff's employer to terminate him by Fuyao Glass Illinois, Inc., stating that they did not want him on the property any longer.

13. That as a direct and proximate result of one or more of the foregoing retaliatory willful and wanton and reckless actions of Fuyao Glass Illinois, Inc., the Plaintiff lost his job with Blackhawk Transport, Inc. and suffered the following injuries and damages:

    a) Lost wages and earnings and a diminished earning capacity;

    b) Emotional pain and suffering.

14. In addition to compensatory damages, the Plaintiff will be seeking punitive damages against the Defendant, Fuyao Glass Illinois.

WHEREFORE, the Plaintiff, MICHAEL L. WHITEACRE, prays for judgment against the Defendant, FUYAO GLASS ILLINOIS, INC., for a sum in excess of Fifty Thousand Dollars, plus costs of suit.

### Count VI-Michael L. Whitacre v. Fuyao Glass Illinois- Tortious Interference in an Employment Contract

NOW COMES the Plaintiff, MICHAEL L. WHITACRE, by his attorneys, FREDERICK & HAGLE, and for his Complaint against the Defendant, FUYAO GLASS ILLINOIS, INC., states as follows:

1. That at all times relevant hereto, the Plaintiff, Michael L. Whitacre, was an employee of McLeod Express, LLC, located at 5002 Cundiff Road, in the City of Decatur, Macon County, Illinois.

2. That on May 16, 2018, between 9:00 a.m. and 10:00 a.m., the Plaintiff was employed with McLeod Express, LLC, a Decatur, Illinois company and had a job as a spotter moving trailers in and out of the loading dock, located at Fuyao Glass Illinois, Inc., an Illinois company located at 2768 East Elwin Road, in the City of Decatur, Macon County, Illinois.

3. That at the aforesaid time and place, Dwayne E. Taylor, employee and agent of the Defendant, Blackhawk Transport, Inc., arrived at the Fuyao Glass Illinois premises in a tractor to pick up a trailer that was sitting in the loading dock.

4. That the Plaintiff, Michael L. Whitacre, advised Dwayne E. Taylor that as the spotter it was his job to pull the trailer out to an open area so that the male employee and agent of Blackhawk Transport could then safety hook up the trailer to the tractor and depart.

5. That the Plaintiff advised Dwayne E. Taylor, employee and agent of Blackhawk Transport, Inc. that he was going to pull out the trailer from the dock.

6. Suddenly, Dwayne E. Taylor, employee and agent of Blackhawk Transport, Inc. proceeded to attack and batter and seriously injure the Plaintiff.

7. That at all times relevant hereto, the Plaintiff, MICHAEL L. WHITACRE, was working for McLeod Express, Inc., but was working at the Fuyao Glass Illinois premises with the purpose of being a spotter and moving trailers in and out of the loading dock area for the benefit of Fuyao Glass Illinois, Inc.

8. That after Plaintiff duly reported the attack on him by Dwayne E. Taylor, employee and agent of the Defendant, Blackhawk Transport, Inc., the Plaintiff told a manager named Ron Houser from Fuyao Glass Illinois, Inc. "Why did you not call the police–this man just battered me and you let him go and take a trailer out from the loading dock"? In response thereto, Ron Houser, manager of Fuyao Glass Illinois, Inc., not only failed to seek out medical or law enforcement aid for Plaintiff, but willfully and wantonly threatened Plaintiff to go back to work or Fuyao would ban him from its premises, in effect causing him to be fired from his job.

9. That Plaintiff had worked in the same role of spotter and mover of trailers, in both a supervisory and employee context, on Fuyao's premises for fourteen years. Throughout that

time, Fuyao exercised direct control over Plaintiff, and Plaintiff acted as a de facto borrowed servant in an employee/employer relationship with Fuyao. Fuyao controlled Plaintiff's regular work schedule, called him in to work extra hours as it needed, provided Plaintiff with walkie-talkies with which it communicated with him, and gave him his work orders on a day-to-day basis. Fuyao and Plaintiff's employer/employee relationship was so deeply ingrained that Fuyao invited Plaintiff to its employee work events and recreational events.

10. That by threatening to ban Plaintiff from premises after he was assaulted and battered, Defendant Fuyao Glass Illinois, Inc. willfully and wantonly tortiously interfered with Plaintiff's ongoing employment contract with McLeod.

11. That Defendant Fuyao Glass Illinois, Inc. had a duty of care to Plaintiff to guard against injuries proximately caused by Fuyao's actions, which Fuyao breached by threatening to ban Plaintiff from Fuyao's premises after he was assaulted and battered, and subsequently pressuring Plaintiff's employer McLeod Express, LLC to terminate Plaintiff's employment.

12. That because of the events of May 16, 2018, and subsequent to May 16, 2018, Defendant Fuyao Glass Illinois, Inc.'s agents contacted Defendant McLeod Express, LLC, Plaintiff's primary employer, and told them that Fuyao Glass Illinois, Inc. would not allow Plaintiff to work at their facility anymore.

13. That as a direct and proximate result of one or more of the foregoing retaliatory willful and wanton and reckless actions of Fuyao Glass Illinois, Inc., the Plaintiff lost his job with McLeod Express, LLC. and suffered the following injuries and damages:

    a) Lost wages and earnings and a diminished earning capacity;

    b) Emotional pain and suffering.

14. In addition to compensatory damages, the Plaintiff will be seeking punitive damages against the Defendant, Fuyao Glass Illinois.

WHEREFORE, the Plaintiff, MICHAEL L. WHITEACRE, prays for judgment against the Defendant, FUYAO GLASS ILLINOIS, INC., for a sum in excess of Fifty Thousand Dollars, plus costs of suit.

Count VII-Michael L. Whitacre v. McLeod Express, Inc.-Retaliatory Discharge

    NOW COMES the Plaintiff, MICHAEL L. WHITEACRE, by his attorneys, FREDERICK & HAGLE, and for his Complaint against the Defendant, McLEOD EXPRESS, INC., states as follows:

    1. That at all times relevant hereto, the Plaintiff, Michael L. Whitacre, was an employee of McLeod Express, LLC, located at 5002 Cundiff Road, in the City of Decatur, Macon County, Illinois.

    2. That on May 16, 2018, between 9:00 a.m. and 10:00 a.m., the Plaintiff was employed with McLeod Express, LLC, a Decatur, Illinois company and had a job as a spotter moving trailers in and out of the loading dock, located at Fuyao Glass Illinois, Inc., an Illinois company located at 2768 East Elwin Road, in the City of Decatur, Macon County, Illinois.

    3. That at the aforesaid time and place, Dwayne E. Taylor, an employee and agent of the Defendant, Blackhawk Transport, Inc. arrived at the Defendant, Fuyao Glass Illinois, Inc. premises in a tractor to pick up a trailer that was sitting in the loading dock.

    4. That the Plaintiff, MICHAEL L. WHITACRE, advised Dwayne E. Taylor that as the spotter it was his job to pull the trailer out to an open area so that the employee and agent of Blackhawk Transport, Inc. could then safety hook up the trailer to the tractor and depart.

    5. Suddenly, Dwayne E. Taylor, agent and employee of Blackhawk Transport, Inc., proceeded to attack and batter and seriously injure the Plaintiff.

    6. That at all times relevant hereto, it was the public policy of the State of Illinois to recognize crime victim's rights and not to punish individuals that are innocent victims of other's crimes, which is a clearly defined public policy, and further the Plaintiff was injured on the job and had a right to make a claim for him to receive benefits under the Illinois Workers' Compensation Act, 825 ILCS 305-4(h).

    7. That subsequent to the Plaintiff being the victim of an assault and battery on May 16, 2018, the Defendant, McLeod Express, terminated him and this termination was in direct retaliation for his making a claim for workers' compensation benefits in contravention of a clearly mandated public policy of the Illinois Workers' Compensation Act, 825 ILCS 305-4(h), and furthermore the Plaintiff being a crime victim had rights to not be fired from his employer

for being the victim of a crime.

8. That as a direct and proximate result of the willful and wanton retaliatory discharge by the Defendant, McLeod Transport, Inc., the Plaintiff suffered the following injuries and damages:

    a) Lost wages and earnings and a diminished earning capacity;

    b) Emotional distress;

    c) Emotional pain and suffering.

9. That the conduct of the Defendant was willful, wanton, intentional, and unlawful conduct and punitive damages should be assessed against the Defendant, McLeod Express.

### Count VIII-Michael L. Whitacre v. Unknown Male Employee and Agent of Blackhawk Transport, Inc. Who Battered Plaintiff

NOW COMES the Plaintiff, MICHAEL L. WHITEACRE, by his attorneys, FREDERICK & HAGLE, and for his Complaint against the Defendant, UNKNOWN MALE EMPLOYEE AND AGENT OF BLACKHAWK TRANSPORT, INC. WHO BATTERED PLAINTIFF, states as follows:

1. That at all times relevant hereto, the Plaintiff, Michael L. Whitacre, was an employee of McLeod Express, LLC, located at 5002 Cundiff Road, in the City of Decatur, Macon County, Illinois.

2. That on May 16, 2018, between 9:00 a.m. and 10:00 a.m., the Plaintiff was employed with McLeod Express, LLC, a Decatur, Illinois company and had a job as a spotter moving trailers in and out of the loading dock, located at Fuyao Glass Illinois, located at 2768 East Elwin Road, in the City of Decatur, Macon County, Illinois.

3. That at the aforesaid time and place, an unknown male employee of the Defendant, Blackhawk Transport, Inc. arrived at the Fuyao Glass Illinois premises in a tractor to pick up a trailer that was sitting in the loading dock.

4. That the Plaintiff, MICHAEL L. WHITACRE, advised said driver that as the spotter it was his job to pull the trailer out to a open area so that the male employee and agent of Blackhawk Transport, Inc. could then safety hook up the trailer to the tractor and depart.

5. That the Plaintiff advised the unknown male employee and agent of Blackhawk Transport, Inc. that he was going to pull out the trailer from the dock.

6. Suddenly, the male employee and agent of Blackhawk Transport, Inc. proceeded to attack and batter and seriously injure the Plaintiff.

7. That at all times relevant hereto, it was the duty of the Defendant, Unknown Male Employee and Agent of Blackhawk Transport, Inc. not to act in a willful and wanton manner or with a reckless disregard for the safety of others, including the Plaintiff herein.

8. Despite said duty, the Defendant, Unknown Male Employee of Defendant, Blackhawk Transport, Inc., breached said duty and the Unknown Male Employee of Defendant, Blackhawk Transport, Inc. willfully and wantonly attacked and battered the Plaintiff.

9. That as a direct and proximate result of the foregoing, the Plaintiff suffered the following injuries and damages:

    a) Medical and hospital expenses which shall continue into the future;

    b) Lost wages and a diminished earning capacity;

    c) Physical and emotional pain and suffering which shall continue into the future;

    d) A loss of a enjoyment of a normal life, which shall continue into the future;

    e) Disability.

10. In addition to compensatory damages, the Plaintiff will be seeking punitive damages against the Unknown Male Employee and Agent of Defendant, Blackhawk Transport, Inc.

WHEREFORE, the Plaintiff, MICHAEL L. WHITACRE, prays for judgment against the Defendant, UNKNOWN MALE EMPLOYEE AND AGENT OF THE DEFENDANT, BLACKHAWK TRANSPORT, INC., for a sum greatly in excess of Fifty Thousand Dollars, plus costs of suit.

### Count IX-Michael L. Whitacre v. Unknown Employee Male Employee and Agent of Blackhawk Transport by the Named Ty

NOW COMES the Plaintiff, MICHAEL L. WHITEACRE, by his attorneys, FREDERICK & HAGLE, and for his Complaint against the Defendant, UNKNOWN MALE EMPLOYEE AND AGENT OF BLACKHAWK TRANSPORT, INC. NAMED TY, states as follows:

1. That at all times relevant hereto, the Plaintiff, Michael L. Whitacre, was an employee of McLeod Express, LLC, located at 5002 Cundiff Road, in the City of Decatur, Macon County, Illinois.

2. That on May 16, 2018, between 9:00 a.m. and 10:00 a.m., the Plaintiff was employed with McLeod Express, LLC, a Decatur, Illinois company and had a job as a spotter moving trailers in and out of the loading dock, located at Fuyao Glass Illinois, located at 2768 East Elwin Road, in the City of Decatur, Macon County, Illinois.

3. That at the aforesaid time and place, an unknown male employee of the Defendant, Blackhawk Transport, Inc. arrived at the Fuyao Glass Illinois premises in a tractor to pick up a trailer that was sitting in the loading dock.

4. That the Plaintiff, Michael L. Whitacre, advised said driver that as the spotter it was his job to pull the trailer out to a open area so that the male employee and agent of Blackhawk Transport, Inc. could then safety hook up the trailer to the tractor and depart.

5. That the Plaintiff advised the unknown male employee and agent of Blackhawk Transport, Inc. that he was going to pull out the trailer from the dock.

6. Suddenly, the male employee and agent of Blackhawk Transport, Inc. proceeded to attack and batter and seriously injure the Plaintiff.

7. That subsequent to the Defendant, Unknown Male Employee and Agent of Blackhawk Transport, Inc., committed a battery, the Plaintiff went inside the plant of Fuyao Glass Illinois, Inc, located at 2768 East Elwin Road, in the City of Decatur, Macon County, Illinois.

8. While inside of said plant, the Defendant, Blackhawk Transport, had an office manned by supervisor and boss by the name of Ty. Plaintiff told the supervisor, Ty, that the unknown male and employee and agent of Blackhawk Transport, Inc., had just attacked and battered him and that he should call the police.

9. That in response thereto, the supervisor and agent of Blackhawk Transport, Ty, refused to call the police and intimidated the Plaintiff and threatened the Plaintiff not to call the police, and told him that he better not mess with the unknown male employee and agent that battered him because he belonged to a gang.

10. That subsequent thereto, the manager for Blackhawk Transport, Inc., Ty, came up to the vehicle the Plaintiff was in at the Fuyao Glass Illinois, Inc. premises, opened the door and

assaulted the Plaintiff by saying that he was going to kick his ass, putting Plaintiff in immediate apprehension from receiving a battery from the unknown male employee and agent named Ty for Blackhawk Transport, Inc.

11. That at all times relevant hereto, it was the duty of the Defendant's unknown male employee and agent of the Blackhawk Transport, Inc. named Ty to not act in a willful and wanton manner or with a reckless disregard for the safety of others, including the Plaintiff herein.

12. Despite said duty, the Defendant, Unknown Male Employee of Defendant, Blackhawk Transport, Inc., Ty, breached said duty and the Unknown Male Employee of Defendant, Blackhawk Transport, Inc., Ty, willfully and wantonly assaulted and intimidated the Plaintiff.

13. That as a direct and proximate result of the foregoing, the Plaintiff suffered the following injuries and damages:

    a) Medical and hospital expenses which shall continue into the future;

    b) Lost wages and a diminished earning capacity;

    c) Physical and emotional pain and suffering which shall continue into the future;

    d) A loss of a enjoyment of a normal life, which shall continue into the future;

    e) Disability.

14. In addition to compensatory damages, the Plaintiff will be seeking punitive damages against the Unknown Employee and Agent of Defendant, Blackhawk Transport, Inc. Named Ty.

WHEREFORE, the Plaintiff, MICHAEL L. WHITACRE, prays for judgment against the Defendant, UNKNOWN MALE EMPLOYEE AND AGENT OF THE DEFENDANT, BLACKHAWK TRANSPORT, INC. NAMED TY, for a sum greatly in excess of Fifty Thousand Dollars, plus costs of suit.


WHEREFORE, the Plaintiff, MICHAEL L. WHITACRE, prays for judgment against the Defendant, McLEOD TRANSPORT, for a sum greatly in excess of Fifty Thousand Dollars, plus costs of suit.

                Respectfully submitted,
                MICHAEL L. WHITACRE, Plaintiff

        BY:   s/Jeffrey D. Frederick
                Jeffrey D. Frederick

FREDERICK & HAGLE
Attorneys for Plaintiff
129 West Main Street
Urbana, IL 61801
Tel: 217/367-6092
Fax: 217/367-9025
Email: jfrederick@frederickandhagle.com